**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WEST COAST LIFE INSURANCE COMPANY, | ) ) ) |
| Interpleader Plaintiff, | ) ) |
| v. | ) Case No. 20-CV-4343 ) |
| MAUREEN MCCARTHY; JENNIFER CHILDE; ALEXANDRA STOLFE; ANDREW STOLFE; and Guardian of B.S., a minor, | ) ) ) ) ) ) |
| Interpleader Defendants. | ) |

**WEST COAST LIFE INSURANCE COMPANY'S**
**MOTION FOR FINAL JUDGMENT ORDER IN INTERPLEADER**

Interpleader Plaintiff West Coast Life Insurance Company ("West Coast Life"), by its attorneys, Julie F. Wall and Kaitlyn Luther of Chittenden, Murday & Novotny LLC, states as follows for its Motion for Final Judgment Order in Interpleader:

1. On July 23, 2020, West Coast Life filed its Complaint-in-Interpleader, pursuant to Fed. R. Civ. P. 22, to resolve the competing claims to the proceeds of a West Coast Life insurance policy insuring the life of Marc Stolfe (the "Insured) in the amount of $1,000,000.00—Policy No. Z00862122 (the "Policy"). (ECF Doc. No. 1). At this same time, West Coast Life also filed a Motion to Deposit Funds, seeking to deposit its admitted liability into the registry of the Court. (ECF Doc. No. 6).

2. On July 27, 2020, the Court granted West Coast Life's Motion to Deposit its admitted liability under the Policy with the Court. (ECF Doc. No. 10).

1

3. On August 20, 2020, West Coast Life deposited its admitted liability under the Policy in the amount of $1,000,660.00, representing the Policy's death benefit plus a premium refund of $660.00, into the Registry of this Court, subject to further order of the Court as to whom among the Interpleader Defendants is entitled to receive those proceeds. (*See* Notice of Electronic Filing attached hereto and incorporated herein as Exhibit 1).

4. On August 21, 2020, the Court entered an order appointing Megan Mae Mathias guardian ad litem for minor Interpleader Defendants A.S. and B.S. (ECF Doc. No. 21).

5. On September 2, 2020, West Coast Life filed a Waiver of Service of Summons for Interpleader Defendant Maureen McCarthy. (ECF Doc. No. 23).

6. On September 3, 2020, West Coast Life filed a Waiver of Service of Summons for Interpleader Defendant Alexandra Stolfe. (ECF Doc. No. 24).

7. On September 16, 2020, attorney Megan Mae Mathias filed a Motion to Withdraw as Counsel for One of the Minors (ECF Doc. No. 26), due to potential competing interests of the minor defendants.

8. On September 17, 2020, Interpleader Defendant Maureen McCarthy filed a response to attorney Mathias's Motion to Withdraw (ECF Doc. No. 27), informing the Court that minor Interpleader Defendant A.S. would "attain the age of majority in the coming days," so the appointment of a guardian ad litem for Interpleader Defendant A.S. was no longer necessary.

9. On September 18, 2020, the Court entered an order granting attorney Mathias's Motion to Withdraw as Counsel for One of the Minors. (ECF Doc. No. 28).

10. On September 21, 2020, Interpleader Defendant Jennifer Childe filed an Answer to West Coast Life's Complaint-in-Interpleader (ECF Doc. No. 29) and a Crossclaim against Interpleader Defendant Maureen McCarthy (ECF Doc. No. 30).

11. On September 23, 2020, Interpleader Defendants Alexandra Stolfe and Maureen McCarthy, individually and as guardian of A.S., filed an Answer to West Coast Life's Complaint-in-Interpleader (ECF Doc. No. 33) and, on October 2, 2020, they filed a Crossclaim against Interpleader Defendant Jennifer Childe (ECF Doc. No. 34).

12. On October 9, 2020, West Coast Life filed an Amended Complaint-in-Interpleader (ECF Doc. No. 36), which named Interpleader Defendant Andrew Stolfe in his individual capacity.

13. On October 13, 2020, Interpleader Defendants Maureen McCarthy, Alexandra Stolfe, and Andrew Stolfe filed an Answer to West Coast Life's Amended Complaint-in-Interpleader (ECF Doc. No. 39).

14. On October 16, 2020, West Coast Life filed a Waiver of Service of Summons for Guardian of B.S. (ECF Doc. No. 42).

15. On October 22, 2020, Interpleader Defendant Jennifer Childe filed an Answer to West Coast Life's Amended Complaint-in-Interpleader. (ECF Doc. No. 43).

16. On November 24, 2020, Interpleader Defendant B.S. filed an Answer to West Coast Life's Amended Complaint-in-Interpleader (ECF Doc. No. 47).

17. To date, each of the Interpleader Defendants have filed responsive pleadings to West Coast Life's Amended Complaint-in-Interpleader, and no Interpleader Defendants has filed any counterclaim against West Coast Life. (*See* ECF Docs. No. 39, 43, 47).

18. The interpleader remedy "exist[s] for the purpose of enabling 'a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder.' [F]ederal interpleader contemplates that the stakeholders may be discharged from the litigation once the fund is deposited with the court,

leaving the adverse claimants to litigate their dispute between themselves." *Am. Nat'l. Bank & Tr. Co. of Chicago v. ALPS Elec. Co., Ltd*, No. 99 C 6990, 2004 WL 783156, at *2 (N.D. Ill. Jan. 15, 2004) (citations omitted). "A disinterested stakeholder should normally be allowed to recover reasonable attorneys' fees in a federal interpleader action. . . . Awarding attorneys' fees in an interpleader action is considered appropriate because the stakeholder is the target of a dispute which is not of his own making, and because he 'is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claims and by safeguarding the disputed fund by deposit in court.'" *Law Offices of Birndorf v. Joffe*, No. 89 C 6484, 1990 WL 103234, at *3 (N.D. Ill. July 16, 1990) (citation omitted).

19. West Coast Life admits that the death benefit, plus a premium refund, under the Policy is payable in the amount of $1,000,660.00. To this end, West Coast Life has deposited its admitted liability into the Court's registry. (*See* Exhibit 1). West Coast Life claims no beneficial interest in the Policy's death benefit, and is instead a mere stakeholder. West Coast Life is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against West Coast Life for the recovery of any claim, in whole or in part, under the Policy. West Coast Life should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this interpleader action.

20. West Coast Life intends to file a petition for recovery of the costs and attorneys' fees that West Coast Life has been compelled to expend in the prosecution of this lawsuit.

WHEREFORE, West Coast Life prays this Honorable Court enter a final judgment in its favor as follows:

1. That the Interpleader Defendants be required to resolve between themselves their respective rights to the proceeds of Policy No. Z00862122 issued by West Coast Life Insurance Company;

2. That the Court adjudicate the rightful recipient of the proceeds of Policy No. Z00862122 issued by West Coast Life Insurance Company;

3. That the Court enter an order enjoining each of the Interpleader Defendants and their agents, attorneys, or assigns, from instituting or maintaining any action in any state or federal court against West Coast Life Insurance Company relative to the proceeds of Policy No. Z00862122 issued by West Coast Life Insurance Company, or any portion thereof;

4. That judgment be entered in favor of West Coast Life Insurance Company on its Complaint-in-Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b), and that West Coast Life Insurance Company be dismissed with prejudice from this action and discharged from any and all liability with respect to, affecting, or in any way arising out of Policy No. Z00862122 issued by West Coast Life Insurance Company;

5. That West Coast Life Insurance Company will submit its petition for fees and costs within 90 days after the entry of the judgment requested herein; and

6. That West Coast Life Insurance Company be awarded such other and further relief as the Court may deem appropriate.

Dated: December 7, 2020    Respectfully submitted,

            CHITTENDEN, MURDAY & NOVOTNY, LLC

            By: /s/ Julie F. Wall
              One of the Attorneys for Interpleader Plaintiff
              West Coast Life Insurance Company

Julie F. Wall (jwall@cmn-law.com)
Kaitlyn E. Luther (kluther@cmn-law.com)

Chittenden, Murday & Novotny LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 7, 2020, I electronically filed the foregoing Motion for Final Judgment Order in Interpleader, and documents described therein, with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the following registered CM/ECF participants:

Stanley Kitzinger
Nathan Karlsgodt
Cornelius McKnight
MCKNIGHT & KITZINGER, LLC
805 N. Milwaukee Ave., Suite 400
Chicago, IL 60642
(312) 463-9400
skitzinger@mcknightkitzinger.com
nkarlsgodt@mcknightkitzinger.com
nmcknight@mcknightkitzinger.com

*Attorneys for Defendants Jennifer Childe*


Mark L. Evans
BEERMANN LLP
161 N. Clark Street, Suite 3000
Chicago, IL 60601
(312) 621-9700
mlevans@beermannlaw.com

*Attorneys for Defendants Maureen McCarthy
and Alexandra Stolfe*

Megan Lopp Mathias
LOPP MATHIAS LAW
1030 W. Chicago Avenue
Chicago, IL 60642
(312) 761-4302
megan@loppmathiaslaw.com

*Attorney and Guardian Ad Litem for
Interpleader Defendant B.S*


                                              */s/ Julie F. Wall*
                                              Julie F. Wall
                                              CHITTENDEN, MURDAY & NOVOTNY LLC